JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTA M. FERNANDEZ (Bar No. 120540)
TRAVIS M. GEMOETS (Bar No. 174365)
JON C. MCNUTT (Bar No. 227761)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Defendant GARDA CL WEST, INC. (erroneously sued as Garda Cash Logistics, Inc.), STEPHEN STRUCK, RON RICHARDSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDWARD J. SCHWARTZ US COURTHOUSE

| | |
|---|---|
| MICHAEL BARBERI<br><br>    Plaintiff,<br><br>    v.<br><br>GARDA CASH LOGISTICS, INC., STEPHEN STRUCK, RON RICHARDSON and DOES 1-50 inclusive<br><br>    Defendants. | CASE NO.  3:10-CV-00880-WQH-POR<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [F.R.C.P. 12(b)(6)]**<br><br>DATE: June 7, 2010<br>TIME:  11:00 a.m.<br>ROOM: 4<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

In no uncertain terms, the United States Supreme Court has repeatedly held that Congress intended by Section 301 of the Labor-Management Relations Act (the "LMRA") to establish uniformity and predictability in the interpretation of collective bargaining agreements. To accomplish this, any claims that require analysis or interpretation of a collective bargaining agreement are preempted by the LMRA. Plaintiff's breach of the covenant of good faith and fair dealing and common law claims directly implicate and require an interpretation of the collective bargaining agreement ("CBA"), and are thus governed by the LMRA.

Plaintiff's assertion that he is not a "member" of the Union which negotiated and entered into the operative CBA is of no moment. Plaintiff was part of the bargaining unit, and thus his employment was governed by the terms of CBA. A union must represent all bargaining unit members equally, regardless of their union membership. As such, when a union and management negotiate a collective bargaining agreement, its terms and conditions cover all employees in the bargaining unit, irrespective of their desire to be a part of the Union, their knowledge of the CBA, or their express agreement to abide by it.

Tellingly, Plaintiff's Opposition is absent of any legal authority or evidence to the contrary. Indeed, other than his incorrect timeliness argument, the Opposition does not contain any case law at all. For those reasons, Plaintiff's Opposition should be discounted and Defendant's Motion should be granted.

## II. DEFENDANTS' REMOVAL WAS TIMELY

Federal Rules of Civil Procedure, Rule 6(a)(3) grants a party additional time to file a document when its deadline falls on a weekend. "The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute…Include in the last day of the period unless it is a Saturday, Sunday, legal holiday…." Thus, assuming, as Plaintiff argues, that he perfected service on March 25, 2010, Defendants were required to file their Notice of Removal by April 24, *a*

*Saturday*. Per Rule 6(a)(3), Defendants' deadline was then extended "until the end of the next day that is not a Saturday" - in this case, April 26, 2010, the day on which Defendants filed their Notice of Removal. Therefore, Plaintiff's defect argument is misguided and should be ignored.

### III. PLAINTIFF WAS BOUND BY THE COLLECTIVE BARGAINING AGREEMENT REGARDLESS OF WHETHER HE KNEW ABOUT IT.

#### A. Plaintiff Was Not Afforded Supervisor Status Under the LMRA

The burden of establishing one's status as a "supervisor" rests on the party alleging that status. *NLRB v. Kentucky River Cmty. Care, Inc*., 532 U.S. 701 (2001). Plaintiff has not sustained this burden. There are no allegations in the complaint that Plaintiff was a supervisor or manager and, in his Opposition, Plaintiff merely calls himself a supervisor without citing to anything which would support that conclusion.

The statute expressly insists that a "supervisor (1) have authority (2) to use independent judgment (3) in performing such supervisory functions (4) in the interest of management." *NLRB v. Health Care & Ret. Corp of America*, 511 U.S. 571 (1994). A "supervisor" is limited only to those individuals "…vested with such genuine management prerogatives as the right to hire or fire or discipline…" *Id*. Plaintiff does not even allege that he had the authority to perform any of these high level tasks - nor could he. As an armored car driver/messenger, Plaintiff was a bargaining unit employee, as are all driver/messengers and lead persons at Garda. CBA, Article 1. Since Plaintiff has and can present no evidence to substantiate his claim, he is subject to the CBA and his claims are preempted.

#### B. Plaintiff's Ignorance of the CBA is Immaterial

Inquiries as to whether Plaintiff is a member of the Union, whether Plaintiff signed the CBA or received a copy of it, are entirely irrelevant. *Steele v. Louisville & N.R.R.*, 323 U.S. 192, 200 (1944) ("the labor organization chosen to be the representative of the craft or class of employees is thus chosen to represent all of its members *regardless of their affiliation or want of them*") (emphasis added); see

1 also, *Melanson v. United Air Lines, Inc.*, 931 F.2d 558, 561 (9th Cir. 1991).
2 Therefore, Plaintiff was a bargaining unit employee subject to the CBA whether he
3 knew about it or wanted to be.

4       The Union was and is the sole and exclusive representative for all employees in
5 the Plaintiff's bargaining unit. Garda was required to bargain exclusively with the
6 Union on behalf of all employees in that unit. 29 U.S.C. §159, clearly establishes that
7 "representatives designated or selected for the purposes of collective bargaining by
8 the majority of the employees in a unit appropriate for such purposes, shall be the
9 *exclusive* representatives of all the employees in such unit for the purposes of
10 collective bargaining in respect to rates of pay, wages, hours of employment, or other
11 conditions of employment." (emphasis added). This precept of labor law is
12 buttressed by the fact that no union can negotiate a collective bargaining agreement
13 which allows the employer to treat union employees differently from non-union
14 employees. 29 U.S.C. 158(b)(2). Thus, the entire bargaining unit, including Plaintiff,
15 is governed by the CBA regardless of Plaintiff's knowledge - or lack thereof - and/or
16 acquiescence to the CBA.

## IV. PLAINTIFF HAS PLED CONTRACT AND COMMON LAW CLAIMS - ALL OF WHICH ARE PREEMPTED BY THE LMRA

19       Plaintiff's Complaint does not plead causes of action for sexual harassment or
20 discrimination, nor are his claims "plead (sic) in accordance with state law" - the first
21 page of the Complaint proves that fact. Plaintiff's four causes of action are
22 exclusively based in common law and contract: Negligence, Negligent Infliction of
23 Emotional Distress, Civil Battery, Intentional Infliction of Emotional Distress, and
24 Breach of the Covenant of Good Faith and Fair dealing. These claims directly
25 implicate the CBA and are preempted by Section 301.

### A. Plaintiff's Contract Claim is Preempted

27       It is well-settled that contract-based claims are preempted where, as here, they
28 relate to a collective bargaining agreement. *Chmiel v. Beverly Wilshire Hotel Co.*,

- 3 -     DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  873 F.2d 1283, 1286 (9th Cir. 1989) ("Where the collective bargaining agreement
2  contains terms governing job security, this breach of the covenant of good faith and
3  fair dealing cause of action is preempted"). Plaintiff's breach of the covenant of good
4  faith and fair dealing claim ""derives from the contract [and is] defined by the
5  contractual obligation of good faith," and, therefore, is preempted to the same extent
6  the breach of contract claim is." *Audette v. Longshoremen Local 24*, 195 F.3d 1107
7  (9th Cir. 1999). Plaintiff concedes this point in his Complaint: "Said covenant of
8  good faith and fair dealing requires Defendant to…perform the terms and conditions
9  of said agreement." Complaint, ¶ 36. Plaintiff contends that Defendant's breached
10 its contract with him. To consider that claim, the contract must be analyzed.

11 Plaintiff's breach of the covenant of good faith and fair dealing claim is also
12 preempted by Section 301 because the contract alleged to have been breached is itself
13 the CBA. *Riseseto v. Plumbers Local 343*, 94 F.3d 947 (9th Cir. 1996), citing *Young
14 v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). Plaintiff cites no
15 contrary authority. In fact, Plaintiff's Opposition does not address this issue at all.

16 **B.     Plaintiff's Common Law Causes of Action Are Equally Preempted**

17 Plaintiff's common law tort claims - intentional infliction of emotional distress,
18 negligence, and negligent infliction of emotional distress - are substantially
19 dependent on the CBA and require its interpretation. *Lingle v. Norge Div. of Magic
20 Chef, Inc.*, 486 U.S. 399, 405-06 (1988). Plaintiff complains about Garda's
21 employment policies and the conduct to which he was subject during his time there.
22 Garda's workplace conditions were bargained for by Plaintiff's Union and are set out
23 in the CBA. Article 4 of the CBA describes prohibited workplace conduct and the
24 Garda's rules for its employees. Article 6 specifies Plaintiff's work hours and the
25 meal and rest break policies to which he was subject. Articles 7 and 8 outline the
26 benefits Plaintiff received as a Garda employee, including vacation and holiday time.
27 Finally, Article 9 contains uniforms policies and the permits, licenses and certificates
28 Plaintiff and the other bargaining unit employees must obtain.

1  Since Plaintiff's working conditions were set by the CBA, complaints about improper conduct in the workplace implicate the CBA. To adjudicate the merits of Plaintiff's allegations, the Court must look to these provisions, understand and interpret the extent of Plaintiff's and Defendants' obligations, and determine whether any violations occurred. Plaintiff's common law claims are therefore preempted.

### C. The Court Retains Supplemental Jurisdiction Even if One of Plaintiff's Claims is Not Preempted

Assuming arguendo, that one or more of Plaintiff's common law claims are not preempted by Section 301, the court must still exercise supplemental jurisdiction over those claims since his contract claim so clearly is. "Because this action was properly removable in light of the preemption of the breach of contract and breach of the implied covenant claims, we need not decide whether plaintiff's [other claims] are preempted. Even if these claims do not arise under federal law, the district court possessed supplemental jurisdiction over them under 28 U.S.C. Section 1367(a)." *Young*, supra, 830 F.2d at 999. The Court's jurisdiction over one of Plaintiff's claims applies to all others even if they would not otherwise be individually preempted.

## V. CONCLUSION

The grievance process was Plaintiff's exclusive remedy under Section 301 for the conduct alleged in the Complaint. Therefore, Defendants respectfully request that the Court dismissed this matter and enter judgment in Defendants' favor.

DATED: May 28, 2010        JEFFER, MANGELS, BUTLER & MARMARO LLP
                           MARTA M. FERNANDEZ
                           TRAVIS M. GEMOETS
                           JON C. MCNUTT

                           By:  s/Jon C. McNutt
                                JON C. MCNUTT
                           Attorneys for Defendants GARDA CL WEST, INC.
                           (erroneously sued as Garda Cash Logistics, Inc.),
                           STEPHEN STRUCK, RON RICHARDSON