FILED

2010 JUL 14 PM 12: 24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARBERI,<br><br>  Plaintiff,<br>vs.<br>GARDA CASH LOGISTICS, INC., STEPHEN STRUCK, RON RICHARDSON and DOES 1-50 inclusive,<br><br>  Defendants. | CASE NO. 10cv880-WQH-POR<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendants Garda Cash Logistics, Inc. ("Garda"), Stephen Struck and Ron Richardson (Doc. # 3); the Motion to Remand Action Back to State Court filed by Plaintiff Michael Barberi (Doc. # 7); and Defendants' Request to Strike Plaintiff's Supplemental Reply (Doc. # 14).

I.  **Background**

On March 2, 2010, Plaintiff filed a Complaint against Defendants in San Diego County Superior Court, where it was assigned case number 37-2010-51661-CU-OE-NC. (Doc. # 1, Ex. 1).

A.  **Allegations of the Complaint**

On October 31, 1997, Plaintiff "was hired with Armor Transport which became AT Systems which is now Defendant Garda." *Id.* ¶ 7. "During his employment with Defendant Garda [Plaintiff] was subjected to pornography, women's lingerie being left where he would

find it, lewd remarks and inappropriate touching." *Id.* ¶ 8. The Complaint alleges specific incidents of "unlawful touching, groping, ... sexual comments, pornography, [and] ... homosexual remarks" directed toward Plaintiff. *Id.* ¶ 32; *see also id.* ¶¶ 8-18, 22. "During his employment not only did his supervisors subject the Plaintiff to this hostile and uncomfortable environment but also [his supervisors] encouraged other employees to behave in the same manner." *Id.* ¶ 11.

The Complaint asserts five causes of action, each under state law: (1) negligence, (2) civil battery/assault, (3) negligent infliction of emotional distress, (4) intentional infliction of emotional distress, and (5) breach of the covenant of good faith and fair dealing. Plaintiff seeks compensatory damages, punitive damages, costs and attorney's fees.

**B.   Removal**

On April 26, 2010, Defendants removed Plaintiff's action to this Court. (Doc. # 1). The Notice of Removal alleges that removal is proper pursuant to 28 U.S.C. § 1441(b), on the grounds that this Court possesses federal question jurisdiction over the Complaint. The Notice of Removal alleges:

> Plaintiff was a member of the A.T. System of Orange Association ('ATSOA'), a labor organization. At all relevant times, Plaintiff's employment at Garda was governed by a collective bargaining agreement between ATSOA and Garda (the 'CBA'). The Grievance and Arbitration procedures set forth in Article 5 of the CBA, which applies to all bargaining unit employees (of which Plaintiff was one), requires Plaintiff or ATSOA to grieve and enter into mandatory, binding arbitration over, among other things, any 'claims for harassment or discrimination or hostile work environment in any form....'

*Id.* ¶ 2. The Notice of Removal alleges that "[e]very cause of action [in the Complaint] puts at issue conduct that is inextricably intertwined with matters governed by the collective bargaining agreement between Plaintiff's union and Garda, thus giving rise to federal preemption" pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. *Id.* ¶ 1. Attached to the Notice of Removal is a copy of a collective bargaining agreement between "AT Systems West, Inc." and "A.T. System of Orange Association." *Id.*, Ex. 3.

**C.   Pending Motions**

On April 30, 2010, Defendants filed a Motion to Dismiss the Complaint in its entirety

pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 3). Defendants contend:

> Each [of Plaintiff's claims] is preempted by Section 301 ... of the Labor Management Relations Act, 29 U.S.C. § 185 ... because Plaintiff's employment was covered by a collective bargaining agreement, warranting dismissal of Plaintiff's Complaint. ...
>
> [T]he grievance process set forth in Section 5 of the [collective bargaining agreement] was Plaintiff's exclusive remedy under Section 301 for the conduct alleged in the Complaint, and he should have exhausted such remedies and asked his union to pursue binding arbitration. He failed to do so, opting instead to bring his claims in civil court. Since they are preempted, Plaintiff's claim must be dismissed.

*Id.* at 1, 10.

On May 7, 2010, Plaintiff filed an opposition to the Motion to Dismiss and the Motion to Remand. (Doc. # 6, 7). Plaintiff contends that the removal was untimely. (Doc. # 7-1 at 2-3). Plaintiff contends:

> Plaintiff was not subject to any labor bargaining contract, as it did not apply to management or supervisory employees. Plaintiff was management. Further, Plaintiff did not sign the document provided by Defendants as [the collective bargaining agreement] which in its language indicates that those who signed it agreed voluntarily to be bound, those who did not were not bound by the agreement. There are no signatures from either individual Defendant or the Plaintiff as they were supervisory/management employees. Therefore the arbitration agreement contained in the agreement ... does not apply to Plaintiff....

(Doc. # 6 at 2). Plaintiff contends that he "was never made aware of [the collective bargaining agreement] nor knew of its contents until just prior to his departure from the company," and "Plaintiff had no knowledge of any 'union' meetings, nor did he pay any dues." *Id.* at 3. Plaintiff contends that his "claims are not preempted" because "[n]one of Plaintiff claims fall under the exclusive jurisdiction of the Federal Court, but rather fall under state claims under tort actions." *Id.* at 4. Plaintiff attaches a copy of AT Systems' "policy against harassment" and "sexual harassment complaint procedure." (Doc. # 6-5, 7-6).

On May 28, 2010, Defendants filed a reply to the Motion to Dismiss and an opposition to the Motion to Remand. (Doc. # 8, 9). Defendants contend that Plaintiff bears the burden of establishing his status as a supervisor, and "Plaintiff has not sustained this burden." (Doc. # 8 at 2). Defendants contend: "Assuming arguendo, that one or more of Plaintiff's common law claims are not preempted by Section 301, the court must still exercise supplemental jurisdiction over those claims since his contract claim so clearly is." (Doc. # 9 at 10).

On June 3, 2010, Plaintiff filed a reply to the Motion to Remand and a "supplemental reply" to the Motion to Dismiss. (Doc. # 12, 13). Plaintiff contends:

> [T]he bargaining agreement is between AT Systems West, Inc. and an alleged union. However, AT Systems was bought out by Garda and therefore the bargaining agreement was null and void. Once Garda bought out AT Systems a new agreement between employer and union would be required.

(Doc. # 12 at 2). Plaintiff contends:

> Plaintiff was not subject to any labor bargaining contract, as it did not apply to management or supervisory employees. Plaintiff was management. ... He supervised others as a relief manager, weekend manager and night manager. He had keys, combinations, access codes and security clearance. He was clearly not just an employee but was management as it was reflected on his pay check stubs he was classified as 'M' for management.

*Id.* at 2-3.

On June 3, 2010, Defendants filed the Request to Strike Plaintiff's Supplemental Reply, contending that Plaintiff's supplemental reply contains "new 'evidence' and arguments." (Doc. # 14 at 1). Defendants request that the supplemental reply "be ignored by the Court," or that Defendants receive "an opportunity to be heard ... through a supplement[al] brief." *Id.*

On June 8, 2010, the Court issued an Order stating that Defendants may file a response to any new arguments or evidence raised in Plaintiff's supplemental reply no later than June 14, 2010. (Doc. # 15).

On June 14, 2010, Defendants filed a "Response to New Arguments Posed in Plaintiff's Supplemental Reply."[1] (Doc. # 16). Defendants contend:

> When AT Systems West, Inc. became Garda CL West, Inc., Garda assumed substantially all of its predecessor's business operations and adopted the CBA. These actions established Garda as the successor employer binding it and the bargaining unit to the terms of the CBA.
>
> Finally, Plaintiff ... argues that he was 'management' – allegedly because the letter 'M' appears on his pay check stubs. This dubious 'fact' notwithstanding, Plaintiff does not and cannot claim that he exercised independent judgment in performing any supervisory functions. Since Plaintiff cannot meet his burden in establishing supervisory status, he must be part of the bargaining unit, subject to the CBA.

*Id.* at 3-4.

---

[1] Because Defendants had the opportunity to respond to Plaintiff's supplemental reply, the Request to Strike is denied. (Doc. # 14).

## II. Discussion

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether an action arises under federal law, a court applies the well-pleaded complaint rule. Under this rule, a claim arises under federal law only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Moore-Thomas*, 553 F.3d at 1243 (quotations omitted). "A resulting corollary to the well-pleaded complaint rule, known as the complete preemption doctrine, provides that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (quotation omitted). "If a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 1243-44 (quotation omitted).

"A motion to remand is the proper procedure for challenging removal." *Id.* at 1244 (citing 28 U.S.C. § 1447(c)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. ... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). "If [a removing defendant's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." *Gaus*, 980 F.2d at 567 (quotation omitted) (holding that a conclusory allegation that the jurisdictional amount in controversy is met "neither overcomes the strong presumption against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal petition

itself, the underlying facts supporting its assertion" that federal jurisdiction exists).

The Notice of Removal alleges that, "[a]t all relevant times, Plaintiff's employment at Garda was governed by a collective bargaining agreement between [the union] and Garda." (Notice of Removal, Doc. # 1 ¶ 2). The collective bargaining agreement attached to the Notice of Removal provides that the union represents "all driver/messenger guards and vault driver/messengers employed by [AT Systems West] at its facility located at 1602 West Orangegrove, Orange, California; exclusive of all office employees and all supervisor employees as defined in the National Labor Relations Act as amended." (Notice of Removal, Ex. 3 at 1, Doc. # 1).

Plaintiff filed a motion to remand, which "is the proper procedure for challenging removal." *Moore-Thomas*, 553 F.3d at 1244. Plaintiff has submitted evidence indicating that Plaintiff did not agree to the collective bargaining agreement. (Doc. # 6-4). Plaintiff has denied that his employment was subject to the collective bargaining agreement because, among other reasons, "Plaintiff as well as other management level and above employees were excluded from this [collective bargaining] agreement." (Mem. in Supp. of Mot. to Remand at 3, Doc. # 7-1; *see also* Reply to Defs.' Opp'n to Mot. to Remand, Doc. # 12 at 2-3 (detailing factual contentions supporting Plaintiff's position that "Plaintiff was not subject to any labor bargaining contract, as it did not apply to management or supervisory employees")).

Defendants have neither alleged non-conclusory facts in the Notice of Removal, nor submitted evidence with the Notice of Removal or in opposition to the Motion to Remand, indicating that Plaintiff's employment was subject to the terms of the collective bargaining agreement. Defendants have not presented evidence of Plaintiff's job title and/or job responsibilities. Defendants contend that "[t]he burden of establishing one's status as a 'supervisor' rests on the party alleging that status." (Doc. # 9 at 5; *see also* Doc. # 16 at 3-4 (same)). In support of this contention, Defendants cite to *National Labor Relations Board v. Kentucky River Community Care, Inc.*, 532 U.S. 706 (2001), which held that an employer who contended that nurses were "supervisors" under the National Labor Relations Act had the burden of proving their supervisory status in an unfair labor practice hearing before the

National Labor Relations Board. *Kentucky River* did not involve removal from state court or preemption under the Labor-Management Relations Act. Defendants have cited no authority which alters the long-standing rule that "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (quotation omitted); *see also Moore-Thomas*, 553 F.3d at 1243 (same, where defendant removed alleging preemption).

The Court concludes that Defendants have failed to satisfy their burden of establishing that removal is proper. Accordingly, the Motion to Remand is granted.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Remand (Doc. # 7) is GRANTED; the Motion to Dismiss (Doc. # 3) is DENIED without prejudice; and the Request to Strike Plaintiff's Supplemental Reply (Doc. # 14) is DENIED. Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to San Diego County Superior Court, where it was originally filed and assigned case number 37-2010-51661-CU-OE-NC.

Dated: 7/14/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE